STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

DORNE DECHENT and GEORGE DECHENT, her husband,
2682 Hamburg Turnpike
Lackawanna, New York 14218

       Plaintiffs

 v.

TK ELEVATOR CORPORATION, formerly known as THYSSENKRUPP ELEVATOR CORPORATION
2745 Broadway
Buffalo, New York 14227

       Defendant.

---

Plaintiffs designates Erie County as the place of trial.

**SUMMONS**

The basis of venue is Plaintiffs' residence.

TO THE ABOVE-NAMED DEFENDANT(S):

 YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Buffalo, New York
   January 26, 2022

          GROSS SHUMAN P.C.

          By: _____
           David H. Elibol, Esq.
          *Attorneys for Plaintiffs*
          Office and P. O. Address
          465 Main Street, Suite 600
          Buffalo, New York 14203
          Tel: (716) 854-4300
          E-mail: DElibol@gross-shuman.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

DORNE DECHENT and GEORGE DECHENT,
her husband,

                        Plaintiffs          **COMPLAINT**

v.

TK ELEVATOR CORPORATION, formerly
known as THYSSENKRUPP ELEVATOR
CORPORATION

                        Defendant.

      Plaintiffs, DORNE DESCHENT and GEORGE DESCHENT, by their attorneys, Gross Shuman P.C., as for their complaint against the Defendant, TK ELEVATOR CORPORATION formerly known as THYSSENKRUP ELEVATOR CORPORATION, allege as follows:

      1.     At all times hereinafter mentioned, Plaintiffs, DORNE DESCHENT and GEORGE DESCHENT ("Plaintiffs"), were and are residents of the City of Lackawanna, County of Erie and State of New York.

      2.     Upon information, at all times relevant and hereinafter mentioned, the Defendant, TK ELEVATOR CORPORATION formerly known as THYSSENKRUP ELEVATOR CORPORATION ("Defendant or TKE"), was and is an authorized foreign business corporation, with an office for the transaction of business located at 2745 Broadway, Buffalo, New York 14227.

      3.     Upon information and belief, at all times material and hereinafter mentioned, TKE was hired to maintain, service and/or repair a certain elevator located in the parking ramp

of Mercy Hospital of Buffalo at 527 Abbott Road, Buffalo, NY 14220 (hereinafter referred to as the "Premises").

4. At all times material and hereinafter mentioned, TKE was contracted to perform maintenance, service and/or repair of the elevator in the parking ramp on the Premises.

5. On or about February 8, 2021, while lawfully in an elevator at the Premises, Plaintiff, DORNE DESCHENT, was caused to sustain serious and permanent injuries when the elevator malfunctioned and dropped approximately two to three floors ( the "Incident").

6. The Incident was caused as a result of the carelessness, recklessness and negligence of TKE, without any negligence on the part of the Plaintiffs contributing thereto.

7. That TKE was careless, reckless and negligent in failing to inspect, repair, service and/or maintain the elevator in a reasonably safe condition.

8. That TKE created and/or had knowledge of the unsafe, hazardous, dangerous and defective condition of the elevator and/or the condition existed for a sufficient length of time that in the exercise in reasonable care said Defendant should have known of its existence and corrected it.

9. The Incident was caused solely and wholly as a result of the carelessness, recklessness, and negligence of TKE in the repair, operation, maintenance, management, service and/or control of the elevator at the Premises.

**FIRST CAUSE OF ACTION**

10. Plaintiffs repeat and re-allege each of the preceding paragraphs as though set forth again in full.

11. As a direct and proximate result of the carelessness, recklessness and negligence of TKE, the Plaintiff, DORNE DESCHENT, sustained severe, painful, and permanent injuries; was otherwise rendered sick, sore, lame and disabled; was prevented from following her usual duties and activities; was caused and will be caused in the future to endure considerable pain and suffering; was caused and will be caused in the future to lose time from her normal and usual employment; has suffered a loss of her quality and ability to enjoy life; and was otherwise injured and damaged.

12. That as a result of the foregoing, the Plaintiff, DORNE DESCHENT, has been damaged in an amount which exceeds jurisdictional limit of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

13. Plaintiffs repeat and re-allege each of the preceding paragraphs as though set forth again in full.

14. Plaintiff, GEORGE DESCHENT, is the husband of Plaintiff, DORNE DESCHENT, and resides with her in the Lackawanna, New York.

15. Prior to and immediately preceding the aforesaid incident, Plaintiff, DORNE DESCHENT, was a normal individual capable of caring for herself, her family and her household.

16. Following and as a result of the Incident and the resulting injuries, Plaintiff, GEORGE DESCHENT, has been and will in the future be deprived of his wife's services, support, society, comfort, companionship and consortium.

17. By reason of the foregoing, Plaintiff, GEORGE DESCHENT, has been damaged and accordingly seeks appropriate compensation.

18. As a result of the foregoing, Plaintiff, GEORGE DESCHENT, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the Plaintiffs, DORNE DESCHENT and GEORGE DESCHENT, hereby demand judgment against TKE as follows:

    a. On the First Cause of Action, in an amount which exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction over this action.

    b. On the Second Cause of Action, in an amount which exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction over this action; and

    c. Such other and further relief as the Court deems just and proper, including the costs and disbursements incurred in the prosecution of this action.

Dated: Buffalo, New York
       January 26, 2022

GROSS SHUMAN P.C.

By: _____
David H. Elibol, Esq.
*Attorneys for Plaintiffs*
Office and P. O. Address
465 Main Street, Suite 600
Buffalo, New York 14203
Tel: (716) 854-4300
E-mail: DElibol@gross-shuman.com

Doc #938699.1